IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JULIE BAKER,                                    Civ. No. 05-1069-AA

        Plaintiff,                          OPINION AND ORDER

   v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant.
_____

Martin R. Cohen
P.O. Box 1229
4040 Douglas Way
Lake Oswego, OR 97035

Jeffrey L. Olson
4500 Kruse Way, Suite 100
Lake Oswego, OR 97035
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, Oregon 97204

1 - OPINION AND ORDER

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Julie Baker brings this action seeking judicial review of a final decision of the Commissioner denying her applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

On September 6, 2002, plaintiff filed her applications for DIB and SSI. Tr. 54-57, 457, 458-60. After plaintiff's applications were denied initially and on reconsideration, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on February 15, 2005. Tr. 26-30, 34-36, 463-66, 468-470, 512-548. On March 21, 2005, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15-23. On June 21, 2005, the Appeals Council denied review, rendering the ALJ's decision the final agency decision. Tr. 6-9. Plaintiff now seeks judicial review.

Plaintiff was forty-five years old at the time of the ALJ's decision, with a high-school education and some college course

2 - OPINION AND ORDER

work.  54, 98.  Plaintiff has past work experience as an accountant, budget analyst, credit manager, and internal auditor. Tr. 93, 128-35, 540-41.  Plaintiff alleges disability since October 2001 due to migraine headaches, dizziness, cognitive impairments, depression, back pain and seizures.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record

and supported by substantial evidence. <u>Cequerra v. Sec'y of Health & Human Servs.</u>, 933 F.2d 735, 738 (9th Cir. 1991). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520 416.920. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 16; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "medically severe impairments" of headaches, depression, and a pain disorder, but that these impairments did not meet or equal a listed impairment that the Commissioner acknowledges is so severe as to preclude substantial gainful activity. Tr. 16-18; 20 C.F.R. §§

404.1520(c) and (d), 416.920(c) and (d). Therefore, the inquiry proceeded to step four.

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work. In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

In this case, the ALJ found that plaintiff retained the RFC to perform a limited range of light work that did not require standing or walking more than ten blocks at a time or working with hazardous machinery. Tr. 20. Further, the ALJ found that plaintiff was limited to unskilled work with simple 1-2-3- step instructions. Tr. 20. Based on this RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 20; 20 C.F.R. §§ 404.1520(e), 416.920(e). Thus, the ALJ proceeded to step five.

At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experience. <u>Yuckert</u>, 482 U.S. at 141-142; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-89 (9th Cir. 1999); 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2). Relying on the

5 - OPINION AND ORDER

testimony of the vocational expert, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, including office helper, callout clerk, and charge account clerk.  Tr. 20.  Accordingly, the ALJ found plaintiff not disabled within the meaning of the Act.  Tr. 21.

## DISCUSSION

Plaintiff asserts that the ALJ failed to accurately assess her RFC, because the ALJ improperly discredited plaintiff's testimony and failed to include the effects of her cognitive limitations. Further, plaintiff argues that the ALJ failed to provide an accurate hypothetical to the vocational expert during the administrative hearing.

A.  Plaintiff's Subjective Complaints

Plaintiff asserts that the ALJ failed to give clear and convincing reasons for rejecting her testimony regarding pain and her functional limitations.

At the administrative hearing, plaintiff testified that she experiences three to four migraine headaches each week that last from four hours to three days.  Tr. 516-17.  Although she takes medication for her pain, plaintiff testified that it produces side effects that inhibit her cognitive functioning.  Tr. 518. Plaintiff testified that she mostly remains inside her house lying down and watching television, although she cleans and occasionally grocery shops.  Tr. 521-22.  Plaintiff further testified that she

experiences back pain resulting from an automobile accident that occurred in 1994, and that she can lift or carry no more than five pounds. Tr. 523. Plaintiff stated that her pain makes it difficult to walk distances or climb stairs. Tr. 525, 534.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and no affirmative evidence of malingering exists, the ALJ must provide clear and convincing reasons for disregarding a claimant's subjective complaints. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id. Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id.

Here, the ALJ found plaintiff's complaints of disabling back pain not credible because the medical evidence did not establish the existence of a back-related impairment. In fact, the ALJ found

7 - OPINION AND ORDER

that plaintiff's back pain was not a medically determinable impairment, and plaintiff does not challenge this finding. Tr. 17. Further, no medical source diagnosed a back-related condition or noted limitations resulting from plaintiff's back pain. Therefore, as plaintiff did not produce objective medical evidence of an underlying impairment, the ALJ did not commit error in discounting plaintiff's allegations of back pain. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Smolen, 80 F.3d at 1282.

With respect to plaintiff's subjective complaints of debilitating migraines, the ALJ noted inconsistencies between plaintiff's allegations and her daily activities. Notably, these inconsistencies further detract from plaintiff's complaints of back pain. For example, plaintiff routinely carried home a backpack of groceries, performed housekeeping chores for herself and her daughter, went shopping at the mall, looked after her boyfriend, searched for appropriate housing, went for hikes, and made jewelry to sell over the Internet. Tr. 163, 296, 334, 434-47, 524, 529, 532-35, 537. While the Ninth Circuit has recognized that engaging in limited physical activities does not constitute a basis for discrediting a claimant's testimony as to disability, Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001), plaintiff's activities as reflected in the record contradict the severity of her subjective complaints. Moreover, as noted by the ALJ,

8 - OPINION AND ORDER

plaintiff reported to one medical provider that she experienced migraines once per week, and that they were controlled with medication. Tr. 333.

Further, plaintiff's allegations regarding her cognitive deficits were contradicted by her performance on neuropsychological exams. Specifically, Dr. Sharon Labs opined that plaintiff's cognitive functional was above average overall, despite mild deficits in cognitive processing speed. Tr. 174-75.

Finally, the ALJ noted that Dr. Labs suggested that plaintiff was motivated by secondary gain. Tr. 17, 19, 174. While this is not necessarily evidence of malingering, it places plaintiff's credibility in question and the ALJ is entitled to rely on it. Further, when the evidence of record is subject to varying interpretations, the ALJ's findings are entitled to deference. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

Accordingly, I find that the ALJ provided clear and convincing reasons supported by substantial evidence in the record to discount plaintiff's subjective complaints.

B.  Plaintiff's Residual Functional Capacity

Plaintiff also argues that the ALJ erred in his determination of her RFC. Specifically, plaintiff argues that the ALJ failed to include limitations regarding plaintiff's processing speed and ability to maintain concentration.

9 - OPINION AND ORDER

The ALJ found that plaintiff was able to perform a reduced range of light work. Specifically, he found that plaintiff was able to sit two hours at a time for a total of six hours in an eight-hour work day, stand thirty minutes at a time for a total of six hours, and walk 10 blocks at a time for a total of six hours. Tr. 20. Further, the ALJ found that Plaintiff was "limited to unskilled work with simple 1-2-3 step instructions." Tr. 20.

Plaintiff argues that the ALJ's determination of her RFC did not reflect the processing deficits as noted by Dr. Labs, an examining neuropsychologist. Based on extensive testing, Dr. Labs found that plaintiff's processing speed was in the tenth percentile, reflecting the low end of the low average range. Tr. 171. However, Dr. Labs described plaintiff's processing deficits as moderate to mild and noted that plaintiff's overall cognitive abilities remained above average. Tr. 174-75. Further, Dr. Labs noted no concentration or memory deficits. Tr. 171-72, 174.

Therefore, I find the ALJ's limitation of unskilled work with simple 1-2-3 step instructions supported by substantial evidence in the record.

C. Hypothetical Presented to Vocational Expert

Finally, plaintiff argues that the hypothetical presented to the vocational expert and relied upon by the ALJ failed to include an accurate assessment of her functional limitations. I agree.

Although the ALJ found that plaintiff was limited to unskilled

10 - OPINION AND ORDER

work with simple 1-2-3 step instructions, the hypothetical presented to the vocation expert did not included this limitation. Instead, the ALJ stated that the hypothetical claimant was limited to "simple" work, which the vocational expert interpreted to mean "unskilled." Tr. 541. Accordingly, the vocational expert identified three examples of unskilled work in accordance with the hypothetical presented.

However, as correctly noted by plaintiff, unskilled work encompasses jobs which require more complexity than "simple 1-2-3 step instructions" as described in the Dictionary of Occupational Titles (DOT). In fact, two of the jobs identified by the vocational expert - charge account clerk and call out clerk - have reasoning levels of three, which requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles ("DOT") (U.S. Dep't of Labor 4th ed. 1991), Appendix C, Section III. The remaining job - office helper - has a reasoning level of 2, which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Id. In contrast, a job with a reasoning level of 1 requires the ability to "[a]pply commonsense understanding to carry

11 - OPINION AND ORDER

out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id.

The Commissioner argues that these distinctions are immaterial, because all of the jobs identified by the ALJ have a specific vocational preparation (SVP) level of 2, consistent with unskilled work. However, the SVP level reflects the amount of time necessary to acquire the skills necessary for a particular job, not the skills that the job requires. See Hall-Grover v. Barnhart, 2004 WL 1529283, *4 (D. Me. April 30, 2004) (explaining that "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED [reasoning level] ratings"). Thus, "the SVP level in a DOT listing indicating unskilled work, does not address whether a job entails only simple, repetitive tasks." Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) (citing Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997)).

The Commissioner next argues that a reasoning level of 2 required by the job of office helper corresponds with simple, routine, repetitive tasks. See Meissl, 403 F. Supp. 2d at 984-85 (level two reasoning requirement did not conflict with the ALJ's prescribed limitation of work which involved "simple, routine, repetitive concrete, tangible tasks"). However, the ALJ did not

12 - OPINION AND ORDER

present a hypothetical limited to simple, routine, and repetitive tasks. Rather, the vocational expert interpreted the ALJ's limitation as simply "unskilled" work. Tr. 541.

It may well be that the ALJ's limitation of simple, 1-2-3 step instructions does not reflect plaintiff's level of functioning, or that the evidence of record supports a finding that plaintiff can perform a wider range of unskilled work. However, it is not the role of this court to make such findings; it is the ALJ who must evaluate the relevant evidence and resolve inconsistencies or ambiguities in the evidence of record. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Additionally, it may be that the vocational expert believed the jobs identified required only simple, routine, and repetitive tasks. Again, it is the ALJ must resolve any conflict between jobs identified by the vocational expert and the classification of such jobs under the DOT. See Johnson v. Shalala, 60 F.3d 1428, 1436-37 (9th Cir. 1995).

Accordingly, remand for further proceedings is appropriate to assess plaintiff's psychological functional limitations and provide an accurate hypothetical to the vocational expert, or alternatively, to address the apparent unresolved conflict between the jobs identified by the VE and the DOT's classifications.

///

///

13 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record.  Accordingly, the Commissioner's decision is REVERSED and REMANDED for further proceedings.
IT IS SO ORDERED.

DATED this __20__ day of June, 2006.


                    /s/ Ann Aiken
                     Ann Aiken
               United States District Judge